IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| United States of America, | Cr. No. 3:08-590-CMC |
|---|---|
| v. | |
| Walter G. Brown, | Opinion and Order |
| Defendant. | |

This matter is before the court on Defendant's *pro se* motion for reconsideration of this court's order denying his motion for sentence reduction under Amendment 782. ECF No. 1795. Defendant requests a determination of whether he is a candidate for Amendment 780 (and therefore 782) because he received a sentence below his statutory minimum after he was awarded a reduction for substantial assistance. *Id.*

Pursuant to *United States v. Goodwyn*, 596 F.3d 233, 236 (4th Cir. 2010), "the clear intent of § 3582 is to *constrain* postjudgment sentence modifications . . . ." Section § 3582(c) "gives a district court one—and only one—opportunity to apply the retroactive amendments and modify the sentence." *United States v. Mann*, 435 F. App'x 254, 254 (2011) (citing *Goodwyn*, 596 F.3d at 236); *see also United States v. Redd*, 630 F.3d 649, 651 (7th Cir. 2011). "[T]he rule is the same for both purely successive § 3582(c)(2) motions and § 3582(c)(2)-based motions for reconsideration: A defendant cannot obtain relief on the basis of such motions, but this prohibition is non-jurisdictional and thus subject to waiver." *United States v. May*, 855 F.3d 271, 275 (4th Cir. 2017).

Regardless of the prohibition on successive motions, Defendant's motion for reconsideration fails on the merits because he is not entitled to a reduction pursuant to Amendment

782. Defendant was granted a variance at sentencing after a defense motion for a sentence below the advisory guidelines to avoid unwarranted sentencing disparities among defendants. *See* ECF No. 1099 at 3 (Statement of Reasons). Although Defendant received a reduction for substantial assistance following sentencing, the variance applied at sentencing cannot be applied in a proceeding pursuant to 18 U.S.C. § 3582(c)(2). Defendant is correct the variance does not disqualify him from consideration under § 3582(c); however, the court cannot take into account the part of the sentence reduction based on the variance. Therefore, Defendant's guideline range is not lowered by application of Amendment 782. *See* ECF No. 1791, SRR. Defendant's motion is denied.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie  
CAMERON MCGOWAN CURRIE  
Senior United States District Judge

Columbia, South Carolina  
April 12, 2018